CORNWELL & BALDWIN
Kerry K. Fennelly (SBN 232621)
kfennelly@donaldsonandcornwell.com
Valentina S. Mindirgasova (SBN 272746)
vmindirgasova@donaldsonandcornwell.com
1017 East Grand Avenue
Escondido, CA 92025
(760) 747-1100 tel
(760) 747-1188 fax

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PRINTING SPECIALTIES AND PAPER PRODUCTS JOINT EMPLOYER AND UNION HEALTH AND WELFARE FUND AND BOARD OF TRUSTEES OF THE PRINTING SPECIALTIES AND PAPER PRODUCTS JOINT EMPLOYER AND UNION HEALTH AND WELFARE FUND<br><br>Plaintiffs,<br><br>v.<br><br>SERVICE PRESS, INC., a California corporation,<br><br>Defendant. | CASE NO. 3:16-cv-7002<br><br>**COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENTS AND DELINQUENT CONTRIBUTIONS (ERISA)** |

## I. COMPLAINT

Plaintiffs, Printing Specialties and Paper Products Joint Employer and Union Health and Welfare Fund and Board of Trustees of the Printing Specialties and Paper Products Joint Employer and Union Health and Welfare Fund, allege as follows:

## II. JURISDICTION AND VENUE

1. This is an action for collection of contributions due and owing to the Printing Specialties and Paper Products Joint Employer and Union Health and Welfare Fund ("Fund"). This action arises under sections 502(a)(3) and 515 of Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145.

2. This Court has jurisdiction over this action under section 502 of ERISA, 29 U.S.C. § 1132.

3. Venue lies in this court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) as this is the district where Defendant Service Press, Inc. resides.

## III. PARTIES

4. Plaintiff Fund is a multiemployer employee benefit welfare plan within meaning of section 3 of ERISA, 29 U.S.C. § 1002.

5. Plaintiff Board of Trustees of the Printing Specialties and Paper Products Joint Employer and Union Health and Welfare Fund ("Board of Trustees") is comprised of the present trustees who are the named fiduciaries of the Fund within the meaning of section 402(a) of ERISA, 29 U.S.C. § 1102(a), and is the plan sponsor of the Fund within the meaning of section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

6. Pursuant to sections 502(a)(3) of ERISA, 29 U.S.C. §§ 1132(a)(3), the Board of Trustees is authorized, as a named fiduciary, to bring this action on behalf of the Fund, its participants, and beneficiaries for the purpose of collecting delinquent fringe benefit contributions. The Fund is also authorized to bring this action in its own name pursuant to a provision contained within Article VIII, Section 17 of the Fund's Trust Agreement, which permits all legal actions to be prosecuted in the name of the Fund. A true and correct copy of the Fund's Trust Agreement is attached hereto as Exhibit 1.

7. Defendant Service Press, Inc. ("Employer") is a corporation organized under the laws of the State of California with its principal place of business located at 935 Tanklage Rd., San Carlos, CA 94070. Defendant is an "employer" as that term is defined by section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## IV. CLAIM FOR RELIEF: BREACH OF COLLECTIVE BARGAINING AGREEMENTS/DELINQUENT CONTRIBUTIONS

8. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 7 of this Complaint as though fully set forth herein.

9. During all relevant times, Employer was bound by collective bargaining agreements ("CBAs") with Teamsters District Council No. 2, Local 388-M, under which Employer was required to make contributions to the Fund on behalf of its employees. True and correct copies of Employer's CBAs are attached hereto as Exhibit 2.

10. At all material times, Employer has employed employees for whom employee contributions and/or withheld wages due under the CBAs. At all material times, Employer has failed and/or refused to timely make all required monthly contributions for such employees to the Fund.

11. Employer owes $157,093.79 for the time period of October 2011 through October 2016, consisting of $124,000.60 in contributions, $24,800.12 in liquidated damages, and $8,293.17 in interest.

12. Under the terms of the Trust Agreement, Employer is also obligated to pay audit costs, attorney's fees and costs and expenses of suit.

13. Under ERISA section 502(g)(2), 29 U.S.C. § 1132(g)(2), in addition to paying contributions owed, the Employer is obligated to pay liquidated damages, interest, reasonable attorney's fees, and costs and expenses of suit to be determined upon motions or at trial.

///

///

## V. PRAYER FOR RELIEF

The Plaintiffs pray for judgment against Employer, as follows:

A. For Judgment against Employer for $157,093.79 for the time period of October 2011 through October 2016, consisting of $124,000.60 in contributions, $24,800.12 in liquidated damages, and $8,293.17 in interest.

B. For audit fees, reasonable attorney fees, costs, and expenses of suit; and

C. For such other and further relief as this court deems just and equitable.

Dated: December 7, 2016

/s/ Kerry K. Fennelly
Kerry K. Fennelly
Valentina S. Mindirgasova
Attorneys for Plaintiffs